In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00075-CV


______________________________




ROY JON, Appellant



V.



JULIE SPIVEY, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01-C-0833-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Roy Jon appeals the dismissal of his suit against Julie Spivey, Zelda Glass, and the
Texas Department of Criminal Justice, Institutional Division. The trial court signed the
order of dismissal January 23, 2002; therefore, the notice of appeal had to be filed within
thirty days (February 22, 2002), or within ninety days (April 23, 2002) if Jon filed a timely
motion for new trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusions of law. Tex. R. App. P. 26.1(a).

 Jon filed his notice of appeal May 30, 2002. The record shows Jon filed a motion
to reform the judgment February 28, 2002. That motion was untimely because it was not
filed within thirty days of the date the judgment was signed. Tex. R. Civ. P. 329b(g). 
Therefore, Jon had to file his notice of appeal by February 22, 2002.

 There is no indication the mailbox rule makes Jon's motion to reform the judgment
timely. See Tex. R. App. P. 9.2(b). We are unable to determine the date on which John
signed the motion, but even if it were timely, his notice of appeal was still untimely because
it was filed May 30, 2002, over a month after the date on which it was due, April 23, 2002. 
Therefore, this Court is without jurisdiction over the appeal.


 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: July 1, 2002

Date Decided: July 2, 2002


Do Not Publish



emorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jack George Feltman appeals from his conviction by the trial court, on his plea of guilty, for
burglary of a building. The trial court sentenced Feltman to eighteen years' imprisonment. We
dismiss Feltman's appeal for want of jurisdiction.
            The trial court filed a certification, in accordance with Rule 25.2(a)(2), that "the defendant
has waived the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 
(2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the appellant has the right to appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that the appellant may have the right to appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. 
            We dismiss the appeal for want of jurisdiction.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          August 31, 2006
Date Decided:             September 1, 2006

Do Not Publish